# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In Re   Michael J. Kuzel and Charlene Kuzel,         )
                                                    )
                                                    )   Bankruptcy No. ___09-26048___
                                                    )
              Debtor.                               )   Chapter ___7___

**COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION**
**(IN CASES UNDER CHAPTERS 7, 11 AND 12)**

Name of Applicant: ____Nixon Peabody LLP f/k/a Ungaretti & Harris LLP____

Authorized to Provide Professional Services to: ____R. Scott Alsterda, Chapter 7 Trustee____

Date of Order Authorizing Employment: ____May 24, 2017 [Dkt 41]____

Period for Which Compensation is Sought:
From ____May 11____, __2017__ through ____April 17____, __2018__

Amount of Fees Sought:   $ 11,999.50

Amount of Expense Reimbursement Sought:   $ 201.73

This is an:    Interim Application _____    Final Application __✓__

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| | | | | |

Dated: ____May 14, 2018____                              ____R. Scott Alsterda____
                                                                        (Counsel)

(Rev 11/19/10)

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Michael J. Kuzel and Charlene Kuzel, | ) | Case No. 09-26048 |
| | ) | Honorable Jacqueline P. Cox |
| Debtors. | ) | |
| | ) | |

## FIRST AND FINAL APPLICATION OF TRUSTEE'S COUNSEL FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

R. SCOTT ALSTERDA and NIXON PEABODY LLP (collectively "NP"), counsel for the Trustee pursuant to 11 U.S.C. §330 and FRBP 2016 submits this first and final application for compensation and reimbursement of expenses and represents to the Court as follows:

1.  The Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code on July 18, 2009 (the "Petition Date") [Dkt. 1].

2.  On August 27, 2009, the Trustee filed a Report of No Distribution [Dkt. 13].

3.  On November 5, 2009 the bankruptcy case was closed and the Trustee was discharged [Dkt. 27].

4.  After the bankruptcy case was closed, the Trustee was contacted by an attorney who had been representing Michael J. Kuzel ("Mr. Kuzel") in connection with Mr. Kuzel's claim (the "Claim") against The Catholic Bishop of Chicago ("TCBC"). Mr. Kuzel's Claim against TCBC existed before the Petition Date and upon further investigation the Trustee determined that Mr. Kuzel had failed to schedule or disclose the Claim in the original Chapter 7 case.

5.  The Trustee believed that the undisclosed Claim constituted property of the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 541(a) and the Trustee communicated the information to the Office of the United States Trustee.

6. On April 12, 2017 the Office of the U.S. Trustee filed a Motion to Reopen the Chapter 7 Case and Appoint Trustee [Dkt. 29], and an Order granting the motion was entered on May 4, 2017 [Dkt. 34].

7. On May 8, 2017 a Letter of Appointment was filed with the Court [Dkt. 35] appointing the Trustee as the Chapter 7 Trustee in the reopened case.

8. On May 9, 2017 the Trustee withdrew the previously filed Report of No Distribution [Dkt. 36].

9. The Trustee filed an Initial Report of Assets on May 9, 2017 (Dkt. 37], and the Bankruptcy Court issued a Notice Fixing the Time for Filing Proofs of Claim [Dkt. 38]. The deadline for filing proofs of claims was set as August 10, 2017.

10. Following the Trustee's reappointment in the Debtor's Chapter 7 case, the Trustee decided to investigate the Claim and pursue settlement negotiations with the TCBC with the assistance of legal counsel.

11. On May 24, 2017, an order was entered by the Court approving the employment of NP as counsel for the Trustee [Dkt 41] effective as of May 8, 2017. A copy of the May 24, 2017 order authorizing the Trustee's employment of NP as legal counsel is attached hereto as Exhibit "A."

12. On October 10, 2017, an order was also entered by this Court approving the employment of Mark R. McKenna and Hurley McKenna Mertz, P.C. as the Trustee's special counsel ("HMM") [Dkt. 50]. A copy of the October 10, 2017 order authorizing the Trustee's employment of HMM is attached hereto as Exhibit "B."

## CASE SUMMARY

13. The Trustee with the assistance of NP and HMM investigated the claim against TCBC and the facts giving rise to the proposed settlement of the Claim against TCBC.

2

14. Thereafter the Trustee with the assistance of NP and HMM, negotiated the terms and conditions of a settlement agreement of the Claim with TCBC including various tax, confidentiality and release provisions.

15. NP reviewed and revised the Trustee's written settlement agreement with TCBC and drafted the Trustee's Motion to Approve the Settlement with The Catholic Bishop of Chicago, including notices and a proposed order [Dkt. 52].

16. On February 1, 2018, an Order was entered by this Court approving the Trustee's settlement with TCBC [Dkt. 55].

17. The Trustee with the assistance of NP obtained an order authorizing the Trustee's employment of a Tax Accountant and the Trustee's tax returns have been filed with the federal and state agencies.

18. NP also assisted the Trustee in reviewing Mr. Kuzel's exemption claim and the claims against the bankruptcy estate for potential objections and classifications issues for the tax claims.

19. The bankruptcy case is ready to be closed after the funds on hand have been distributed. The Trustee believes that all of the creditors holding allowed claims will be paid in full with interest after the payment of administrative expenses, and further that there will be a surplus distribution paid to the Debtors.

## DESCRIPTION OF LEGAL SERVICES

20. The nature and extent of the services which NP provided to the Trustee for the period from May 11, 2017 through April 17, 2018 are summarized in the following paragraphs.

21. <u>Asset Analysis and Recovery (B-120)</u>. NP provided 9.20 hours of services with a value of $4,738.00 related to the Trustee's analysis and recovery of assets of the Chapter 7 case. These services included reviewing and revising the terms and conditions of the Trustee's

3

proposed settlement of the Claim against TCBC. NP drafted the Trustee's motion to approve the Trustee's settlement of the Claim against TCBC including notices and the proposed settlement order. NP appeared before this Court at the hearing on the settlement motion, and thereafter this Court entered an order approving the Trustee's settlement of the Claim against TCBC.

22.     Fee/Employment Applications (B-160). NP provided 7.30 hours of services to the Trustee with a value of $3,759.50 related to the Trustee's employment of legal counsel, special counsel and a tax accountant. These services including drafting the motions to employ counsel, special counsel and a tax accountant including the notices and proposed orders. Np also appeared before this Court for each hearing on the employment motions, and thereafter this Court entered orders granting each of the employment motions.

23.     Tax (B-240). NP provided 1.10 hours of services to the Trustee with a value of $566.50 related to tax issues for the bankruptcy estate. These services included some limited research and review of the tax treatment of the settlement proceeds for the Claim against TCBC. NP also assisted the Trustee in connection with the Trustee's decision to file separate tax returns for the joint Debtors.

24.     Claims Administration and Objections (B-310). NP provided 5.70 hours of services to the Trustee with a value of $2,935.50 related to the Debtor's exemption claims including drafting the Trustee's serial Motions to Extend the Time to File Objections to the Debtor's Exemption claims. NP appeared before this Court for each hearing on the extension motions, and thereafter the Court entered orders extending the objection deadlines. NP also reviewed the proofs of claims filed by various creditors for potential claim objections and claim classification issues.

25.     Summary of Services. The services rendered to the Trustee by NP are summarized as follows:

| CATEGORY | TASK CODES | HOURS | VALUE |
|---|---|---|---|
| Asset Analysis and Recovery | B-120 | 9.20 | $4,738.00 |
| Fee/Employment Applications | B-160 | 7.30 | $3,759.50 |
| Tax Issues | B-240 | 1.10 | $566.50 |
| Claims Administration and Objections | B-310 | 5.70 | $2,935.50 |
| **TOTAL** | | **23.30** | **$11,999.50** |

26. Attached as Exhibit "C" is an itemized statement of the legal services rendered by NP and classified by the various tasks in chronological order. The statement reflects the legal services rendered, the time expended, the value of the services, and a description of the work performed.

27. The time expended and services rendered by each individual NP attorney and law clerk is summarized as follows:

| Attorney | Hours | Hourly Rate | Total |
|---|---|---|---|
| R. Scott Alsterda | 23.30 | $515.00 | $11,999.50 |
| **TOTAL** | **23.30** | | **$11,999.50** |

28. Exhibit "C" also includes an itemized statement of the actual expenses incurred by NP in connection with its representation of the Trustee. These expenses include postage in the total amount of $201.73.

29. Based on the nature, extent and value of services performed by NP, the results achieved, and the costs of comparable services, the compensation being sought by NP is fair and reasonable.

30. At all times during NP's representation of the Trustee, NP was a disinterested person and neither represented nor held an interest adverse to the bankruptcy estate with respect to matters on which NP was employed.

5

## PRAYER FOR RELIEF

WHEREFORE, NP requests that it be awarded reasonable compensation in the amount of $11,999.50 for legal services rendered in this case and reimbursement of actual and necessary expenses in the amount of $201.73.

DATE: May 14, 2018                                   Respectfully Submitted

                                                NIXON PEABODY LLP

Of Counsel:
R. Scott Alsterda (ARDC 3126771)          /s/ R. Scott Alsterda
Nixon Peabody LLP
70 West Madison, Suite 3500
Chicago, IL  60602-4283
312-977-9203
rsalsterda@nixonpeabody.com